DURAND v. THE CHICAGO & NORTHWESTERN R. R. Co.

Railroad: LIABILITY FOR STOCK KILLED : DEPOT GROUNDS. There is no obligation on the part of a railroad company to fence its road within its depot grounds, in order to avoid the liability contemplated by section 6, chapter 169, Laws of 1862. Following *Davis* v. *The Burlington & Mo. River R. R. Co.*, and *Rogers* v. *The Chicago & North Western R. R. Co.*, *ante,* 549, 558.

*Appeal from Benton District Court.*

WEDNESDAY, APRIL 7.

THIS case has been affirmed, on motion; this affirmance set aside, and this motion, being reheard, will be found

considered in the opinion following, which disposes of the case upon its merits.

Plaintiff recovered three hundred and forty dollars, double the value of a mare killed on defendants' road, near the station house and on their depot grounds, at the town of Florence. For the other facts see opinion. Defendant appeals.

*Hubbard & Belt* for the appellant.

*Shane & McCartney* for the appellee.

WRIGHT, J.— First, as to the motion to affirm. Here the inquiry is, whether the appellant used such diligence to perfect the appeal, and have the transcript filed, and cause docketed in this court, as is required by the statute Rev. §§ 3514–15–16. The facts are somewhat peculiar and complicated. They are such as address themselves to the discretion of the court. If stated at length, the ruling thereon, could hardly form a precedent for any subsequent case. Not without very great doubt, and after much hesitation, a majority of the court, looking at all the facts, and in view of their unwillingness to deprive a party of a hearing, who, while perhaps technically guilty of negligence, has manifested an intention to prosecute his appeal from a belief in its merits — I say a majority of the court, thus viewing the case, believe that justice demands that the motion should be overruled, and the cause disposed of upon its merits. In this result, I do not concur, for, in my opinion, plaintiff has a clear *legal right* to the fruits of his diligence, and defendant's negligence, and should not be deprived of the same; because upon the facts, appellant may have merits.

The motion to affirm will therefore be overruled, the proper order being made as to costs, ordinary and extra-

ordinary, attending the same. In its facts the case is not essentially different from those immediately preceding. The mare was killed (as found by the referee, whose report was approved *pro forma* by the court) while on the depot grounds, near the station-house and wood and coal houses, the former being on the north side of the main track, and the latter on the south side, and all between the side tracks. Lots are laid off on either side of the road. It is not intersected by streets, but is by two public highways, near each end of the side tracks, both crossing all the tracks. The mare went upon the road between these highways, and about two rods from where she was killed. There are no cattle guards at these highway crossings, but such guards were constructed a short distance east and west, up to which for either direction the road was fenced. Between these points, covering and including the ground where the mare was killed, there was no fence. Defendant's grounds were one hundred and fifty feet wide, and between the tracks and the outer boundary thereof there was a space of fifteen or twenty feet on either side, or at least sufficiently wide for a fence.

From these facts the conclusion was, that the company had a right to fence where the animal was killed, and failing to do so, was liable (after due notice, etc.) to double damages. This construction of the statute is not in accord with that given it by this court (see cases immediately before, which, we may remark, were submitted with this).

In our opinion there was no obligation to fence at the point named in order to avoid the liability contemplated by the statute.

Reversed.